IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

WILMA DAUGHERTY,           )
                           )
        Plaintiff,         )
                           )
    vs.                    )
                           )
PENTAGROUP FINANCIAL, LLC, )
                           )
        Defendant.         )

2 12 CV 500

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Wilma Daugherty brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Pentagroup Financial, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendant does or transacts business within this District.

### PARTIES

4.  Plaintiff Wilma Daugherty is an individual who resides in Griffith, Indiana.

5.  Defendant Pentagroup Financial, LLC is a limited liability company organized under Texas law which does business in Indiana. Its principal place of business is located at 5959 Corporate Dr., Ste. 1400, Houston, TX 77036. Its registered agent and office is

1

CT Corporation System, 251 E. Ohio St., Ste. 1100, Indianapolis, IN 46204, or CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

6. Defendant Pentagroup Financial, LLC is engaged in the business of using the mails and telephone system to collect consumer debts originally owed to others.

7. Defendant Pentagroup Financial, LLC is a debt collector as defined in the FDCPA.

## FACTS

8. Prior to December 20, 2007, plaintiff retained counsel to deal with certain debts she was unable to pay, including a Providian credit card account with a number ending in 1241.

9. The alleged debt was incurred for personal, family or household purposes and not for business purposes.

10. The alleged debt went into default no later than July 2006, and is now time-barred by the six-year Indiana statute of limitations.

11. On December 20, 2007, plaintiff's counsel notified Pentagroup Financial, LLC that she was represented by counsel in connection with such debt and that she disputed it. A copy of the letter and fax transmission receipt are attached as Exhibit A.

12. On or about January 9, 2012, defendant Pentagroup Financial, LLC sent plaintiff, directly, the letter attached as Exhibit B through the United States Mail, offering a "settlement opportunity" on the alleged account.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Exhibit A does not accurately disclose the current creditor or owner of the debt. On information and belief, Square Two Financial Corporation is not the owner of the debt.

15. Defendant thereby violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10).

16. 15 U.S.C. § 1692e provides:

2

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2)  The false representation of–
>
> (A)  the character, amount, or legal status of any debt; . . .
>
> . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

17. Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

18. Section 1692c provides:

> § 1692c. Communication in connection with debt collection
>
> (a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–
>
> . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)  Statutory damages;

(2)  Attorney's fees, litigation expenses and costs of suit;

(3)  Such other and further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER

3

& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\27412\Pleading\Complaint_Pleading.wpd

4

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ 
_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

5